

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

Gerald C. Mann
~~WILL WILSON~~
ATTORNEY GENERAL

Railroad Commission
of Texas
Austin, Texas

Gentlemen:

Opinion No. O-3419
Re: Validity of order of Railroad Commission amending the special commodity permit of J. R. Lingo without notice or hearing.

Your letter of April 9, 1941, sets forth the following facts:

"On the 11th day of January, 1936, the Railroad Commission of Texas in response to an application of J. R. Lingo, issued to said Lingo after proper notice and hearing, Special Commoddity Permit No. 13435, a copy of which is attached hereto and marked Exhibit "A".

"On the 6th day of April, 1936, the Railroad Commission in response to an application of J. R. Lingo granted one additional truck to be operated under Special Commodity Permit No. 13435, a copy of which order is attached hereto and marked Exhibit "B".

"On the 22nd day of September, 1936, the Railroad Commission entered its order cancelling the additional truck granted J. R. Lingo under Special Commodity Permit No. 13435, a copy of which order is attached hereto and marked Exhibit "C".

"On the 19th day of September, 1938, the Railroad Commission entered its order amending Special Commodity Permit No. 13435, a copy of which order is attached hereto and marked Exhibit "D".

"On the 5th day of September, 1939, J. R. Lingo, applied to the Commission for a rehearing and a restitution of his Special Commodity Permit No. 13435, as it was originally issued to him and for the Commission to set aside its order of September 19, 1938, amending said permit, a copy of which application is attached hereto and marked Exhibit "E".

"On the 21st day of December, 1939, the Railroad Commission entered its order denying application of J. R. Lingo, which is attached hereto and marked Exhibit "E". Said order of denial is attached hereto and marked Exhibit "F".

"On the 10th day of February, 1941, J. R. Lingo filed a new application for a restoration of his original Permit No. 13435, issued by the Commission on the 11th day of January, 1936, and a copy of that application is attached hereto and marked Exhibit "G".

"As will be revealed to you by these various Exhibits, the Railroad Commission made an error on the 11th day of January, 1936, and granted J. R. Lingo far more authority than they intended or that has ever been the policy of this Commission to grant anyone."

As shown by the exhibits mentioned in your letter, the original order granting the permit authorized the hauling of certain commodities "to and from all points in Texas" and the permit was issued accordingly. We have inspected the application upon which such order and permit were based and we find that the application sought the authority to thus operate. The order of September 19, 1938, purported to correct and amend the permit theretofore granted and directed the issuance of an amended permit to transport such commodities "from Fort Worth to all points in Texas and from all points in Texas to Fort Worth". An amended permit was issued in accordance with such order of September 19, 1938. In Exhibits "E" and "G" mentioned in your letter the permit holder contends that he was never notified of any such contemplated action on the part of the Commission and that he was never given an opportunity to be heard upon the question of thus amending and restricting the permit which had been theretofore granted to him. You request our opinion in response to this question:

"Did the Railroad Commission have authority and jurisdiction to amend its order and the permit of January 11, 1936, thus taking from J. R. Lingo authority, which he had enjoyed from January 11, 1936 to September 19, 1938?"

We also have a letter from your Mr. B. L. Templeton, Examiner, under date of June 5, 1941, advising us as follows:

"I am unable to find from our records that J. R. Lingo had notice of the proposed action of the Commission with respect to the amendment of his Permit, which was dated September 19, 1938. I am unable to find that a hearing was held or that evidence was taken.

"Mr. Bryan Bell, who wrote this Order is employed by the Railroad Commission, and I have discussed the matter with him and it is his memory that he wrote the Order of September 19, 1938, amending Special Commodity Permit No. 13435 on instructions of the Railroad Commission without notice or hearing and no evidence of any nature was

taken.

"It is my judgment that you should assume that J.R. Lingo had no notice of the proposed action by the Commission with respect to the amendment, that no hearing was held and that no evidence was taken."

The record seems to indicate the correctness of the conclusion drawn in the last paragraph of Mr. Templeton's letter and for the purpose of this opinion we shall assume that J. R. Lingo had no notice of the proposed action by the Commission with respect to the amendment, that no hearing was held, and that no evidence was taken.  Section 12(b) of Article 911b, Vernon's Annotated Civil Statutes, the Texas Motor Carrier Act, reads as follows:

"The Commission at any time after hearing had, upon notice to the holder of any certificate or permit and after opportunity given such holder to be heard, may by its order revoke, suspend or amend any certificate or permit issued under the provisions of this Act, where in such hearing the Commission shall find that such certificate or permit holder has discontinued operation or has violated, refused or neglected to observe the Commission's lawful orders, rules, rates or regulations or has violated the terms of said certificate or permit; provided that the holder of such certificate or permit shall have the right of appeal as provided in this Act."

The attempted amendment of the permit was not made in pursuance of Section 12(b) and cannot be sustained thereunder. In that section certain grounds are set out upon which the Commission may amend a permit or certificate.  But, even where the grounds therein mentioned are believed and are alleged to exist, an amendment is not authorized without giving the permit holder an opportunity to be heard on the subject of such proposed amendment.  Obviously the purport of the amended permit was to greatly restrict the operation in question, it was reduced to perhaps a rather small fraction of its former extent. Likening the original order granting the permit to a judgment, it could not be so materially altered without notice after the expiration of so long a time, if at all.  See 34 C.J. 246; 25 Tex.Jur. 538-539.

Assuming the validity of the original permit, it is our opinion that the order dated September 19, 1938, attempting to amend the permit was erroneous and that it would be set

aside upon an appeal conducted in accordance with Section 20 of said Article 911b.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant

APPROVED JUN 14, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED:   OPINION COMMITTEE
BY:         BWB, CHAIRMAN

GRL:lh:wb